[L. A. No. 3351. Department Two.—September 30, 1914.]

## EMMA G. BAKER, Appellant, v. MILTON M. BAKER, Respondent.

DIVORCE—FAILURE TO SUPPORT WIFE—WIFE HAVING SUFFICIENT SEPARATE PROPERTY FOR HER SUPPORT.—The failure of the husband, having the ability so to do, to provide his wife with the common necessaries of life, does not entitle her to a divorce, if the wife is wealthy in her own right, and in the receipt of sufficient income from her own property to provide herself and her children with such necessaries, while the earning capacity of the husband is not great, and she had not asked him for assistance during the period of their separation.

ID.—POWER OF COURT TO DENY DIVORCE FOR NONSUPPORT.—The court's power to refuse a divorce upon the ground of nonsupport, where the complaining spouse has an income from separate property, is somewhat analogous to the authority to relieve a party to an action for divorce from the payment of alimony, where it is not necessary, because of her wealth, for the divorced wife's maintenance.

ID.—DESERTION—OFFER TO RETURN AND TO FULFILL MARRIAGE CONTRACT—GOOD FAITH.—It is for the trial court to determine whether evidence introduced in that behalf by the deserting spouse amounted to a return and offer by him to fulfill the marriage contract, and a soliciting of condonation, and whether or not he acted in good faith, and the appellate court cannot disturb a finding based upon such evidence.

ID.—DENIAL OF DIVORCE FOR NONSUPPORT—IMMATERIAL FINDINGS.—In an action by a wife for divorce on the ground of nonsupport by her husband, in which the court finds that the wife had ample means of self-maintenance, further findings as to the extremely limited value of the husband's property, that he was dependent upon his labor

·for his support, and that he was physically weak and ill, are immaterial in support of a judgment denying a divorce, and the evidence will not be reviewed on appeal to see if it sustains such findings.

APPEAL from a judgment of the Superior Court of Ventura County and from an order refusing a new trial. ·Robert M. Clarke, Judge.

The facts are stated in the opinion of the court.

E. B. Coil, for Appellant.

Merle J. Rogers, for Respondent.

MELVIN, J.—Plaintiff sued for a divorce from her husband upon the grounds of willful desertion and willful neglect, alleging as causes for divorce upon the latter ground failure to provide plaintiff with the common necessaries of life, defendant having the ability so to do, and omission to do so by reason of idleness, profligacy, and dissipation. The cause was duly tried upon issues joined, and the court denied the divorce. The findings in substance were that plaintiff possessed property in her own right, having a value of more than forty thousand dollars; that the income therefrom was more than sufficient to provide her and her children with the common necessaries of life; that she had received from said property a return of more than three thousand dollars per year net of all expenses; that certain crops planted by defendant and assigned to plaintiff by an agreement between the parties had yielded plaintiff more than twenty-five hundred dollars; that defendant was not guilty of failure to provide plaintiff with the common necessaries of life by reason of idleness, profligacy, and dissipation; that he had never been idle, profligate, or dissipated; that defendant had not failed to provide plaintiff and her children with the common necessaries of life as alleged in the complaint; and that (to quote from the findings), "said defendant did on or about the ninth day of August, 1909, voluntarily separate himself from said plaintiff with the intent to desert said plaintiff; that said separation was not against the will of said plaintiff or without her consent; that thereafter, to wit, during the month of August, 1909, said defendant returned to said plaintiff and offered in good faith to fulfill the marriage contract and solicited con-

donation; that said plaintiff did then and there refuse and at
all times since has continued to refuse such offer and condona-
tion; that said separation was at all times since the month of
August, 1909, with the consent of plaintiff and against the
will of defendant; that defendant has at all times since the
month of August, 1909, been ready and willing to live with
said plaintiff in the relation of husband and wife; all of which
said plaintiff has well known; that said plaintiff has at all
times since the month of August, 1909, refused to live with
this defendant, and refused to permit this defendant to return
to or reside with said plaintiff.'' There were also findings
that defendant was possessed of property worth no more than
five hundred dollars; that he was dependent upon his own
labor for support; that he was not physically strong; and that
he had been under the care of a physician part of the time
between August, 1909, and the date of trial; but that he was
ready to devote his work and earnings to his wife and children
if she would resume marital relations with him. A decree, in
consonance with these findings was entered. From the judg-
ment and from an order denying her motion for a new trial
plaintiff appeals.

There is no attack upon that part of the judgment based
upon the finding that defendant was not idle or dissolute, so
that may be eliminated from consideration. Appellant's prin-
cipal contention is that the evidence does not support the
finding with reference to the income derived by plaintiff from
her separate property; yet it is conceded that Mrs. Baker owns
real and personal property of the value of more than forty
thousand dollars. Her counsel contend that the rule an-
nounced in such cases as *Washburn* v. *Washburn,* 9 Cal. 476,
and *Rycraft* v. *Rycraft,* 42 Cal. 445, is harsh and cruel and
should be declared no longer of any force or effect. Both of
those cases depended upon the rule that where the earnings
of the wife, being community property, are sufficient for her
support, she may not secure a divorce upon the ground of
failure on her husband's part to provide her with the common
necessaries of life, where the evidence merely shows that he
has ability to earn wages, but that he has never interfered
with her earnings or other income. This case is more strongly
in favor of defendant than either of the two just cited because
here it was shown that the plaintiff was wealthy in her own
right, while the earning capacity of the husband was not great

and that she had not asked for assistance from him during their separation, although he had told her that he was willing to aid her or the children. Without reviewing the testimony in detail, it is sufficient to say that it amply supports the finding with reference to the yearly income from the property of plaintiff. During the time that her property thus yields her an ample return she has no cause of action for nonsupport. Every natural inference to be drawn from the facts shown in evidence supports the conclusion that plaintiff did not expect the defendant to contribute to her support during their separation. (*Johnston* v. *Johnston,* 17 Cal. App. 245, [119 Pac. 403].) The court's power to refuse a divorce upon the ground of nonsupport where the complaining spouse has an income from separate property is somewhat analogous to the authority to relieve a party to an action for divorce from the payment of alimony where it is not necessary because of her wealth, for the divorced wife's maintenance. The propriety of such relief, upon proper showing, has been declared. (*Soule* v. *Soule,* 4 Cal. App. 98, [87 Pac. 205].)

It is undisputed that defendant went away from home in August, 1909, after a quarrel with his wife over the conduct of her son by a former marriage. From all accounts of the misunderstanding Mr. Baker was in the wrong and his conduct in departing was childish. Appellant's counsel contends that the finding of the court to the effect that he repented of his hasty action and sought in good faith to become reconciled to his wife is without support in the evidence. While there are some conflicts in the testimony there is ample basis for the finding which is attacked. It is in evidence without contradiction that very shortly after he left his wife, Mr. Baker sought and obtained an interview with her at the office of his attorney. Her legal adviser was there also. According to defendant's testimony, after some talk of a possible reconciliation in the presence of the lawyers, those gentlemen went from the room, leaving the husband and wife to "talk it over alone." Defendant, according to his testimony, then went to her, told her he was sorry for the past and asked her for the sake of themselves and the children to become reconciled to him. Her answer was "Give me a bill of sale of everything and then I will talk with you." He met this condition and then went to her home and again asked for a reconciliation but it was refused. Plaintiff denied that on the visit to her

home her husband asked her to resume marital relations, but she did not deny that at the office of his attorney he repeatedly asked for a reconciliation, merely saying to questions upon that subject that she couldn't say he asked for pardon and a re-establishment of the former relations "in good faith." About two months after his interview with Mrs. Baker at her home, Mr. Baker sent her a birthday gift which she refused to accept. It was for the trial court, having the opportunity to observe the witnesses, to determine from such evidence what had been done by the defendant and whether or not he had acted in good faith, thus bringing himself within the provisions of section 102 of the Civil Code. We cannot disturb a finding based upon such evidence. (*Peretti* v. *Peretti,* 165 Cal. 717, [134 Pac. 322].)

It is insisted that the sixth and last finding is without support. This finding was that the allegations in two certain paragraphs of the answer were true. In one of the said paragraphs it was alleged that defendant's property did not exceed five hundred dollars in value, that he depended on his personal exertions as a laborer for his support; that he was not a strong man; and that he had suffered from incapacitating illness during a part of the period of separation from his wife. In view of the findings regarding the plaintiff's means of self-maintenance, it is unnecessary to examine the testimony to see if it supports all of these allegations. It was shown that defendant was possessed of limited means and that he had been working for wages. It was immaterial whether he had been ill part of the time or not. Failure to find on immaterial matters is not a cause for reversal of a judgment. (*Zihn* v. *Zihn,* 153 Cal. 410, [95 Pac. 868].) There was evidence to support that part of the finding based upon the allegation that defendant was willing to give his best endeavors to support his wife and children if she would return to him.

Objections were made to certain rulings with reference to the rejection and admission of testimony, but as we are favored with no argument upon them we will not consider them. (*Gray* v. *Walker,* 157 Cal. 386, [108 Pac. 278] ; *Pigeon* v. *W. P. Fuller & Co.,* 156 Cal. 691, 702, [105 Pac. 976].)

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.