[Civ. No. 3867. First Appellate District, Division One.—June 29, 1921.]

## MARGARET McAULIFFE, Appellant, v. GEORGE J. McAULIFFE, Respondent.

[1] SEPARATE MAINTENANCE—CRUELTY—FINDINGS—COMMUNITY PROPERTY—IMMATERIAL ISSUE.—Where in an action for permanent support and maintenance based upon extreme cruelty the court finds that the plaintiff's allegations as to the defendant's cruelty are untrue and that she is not entitled to separate support and maintenance, such finding renders the issue as to the community property of the parties an immaterial issue in the case and no finding thereon is required.

[2] ID.—ALLEGED ACTS OF CRUELTY—SUFFICIENCY OF FINDING.—In such action, a finding "that all the allegations of plaintiff's complaint having reference to the alleged acts of cruelty alleged therein to have been inflicted upon plaintiff by defendant, as a cause for the separation of plaintiff from defendant, were not true, and have not been sustained by sufficient evidence," is sufficient in form to support the judgment denying plaintiff's prayer for separate maintenance.

[3] ID.—FINDINGS—NEGATIVE PREGNANT—IMMATERIAL OBJECTION.—An objection to a finding upon the ground that it presents a negative pregnant is without merit, since the logical defect of a negative pregnant as applied to legal matters has reference to pleading, not to findings, which are to. be construed so as to uphold the judgment if they are reasonably susceptible of such a construction.

[4] ID. — CUSTODY OF CHILDREN — EVIDENCE — DISCRETION OF TRIAL COURT.—In this action for permanent support and maintenance, in which the husband presented a cross-complaint for divorce, notwithstanding the court found that the defendant's averments as to the plaintiff's neglect of the children were not sustained by the evidence, in view of the testimony presented and the opportunity afforded the trial court to observe the character and qualities of the respective parties bearing directly upon the fitness of each to have the custody of their offspring, it could not be said that the trial court committed any error or abuse of discretion in awarding the care and custody of the youngest child, a daughter, aged three years, to the plaintiff, and the care and custody of the other two children, a daughter aged seven and a son aged five years, to the defendant.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph B. Gordon and Stanislaus A. Riley for Appellant.

Joseph J. Bullock and Joseph L. Taaffe for Respondent.

RICHARDS, J.—The plaintiff commenced this action against the defendant, her husband, for permanent support and maintenance, alleging extreme cruelty on his part as the basis of the action, and praying for alimony, the custody of the children, and for an award to herself of the community property as described in her complaint. The defendant answered said complaint denying its averments as to his cruelty, and also making certain admissions and denials as to the community property. Later the defendant presented a cross-complaint for divorce, averring cruelty on the part of the plaintiff, and also setting forth certain grounds for an award of the custody of the children of the marriage to himself. To this cross-complaint the plaintiff filed her answer, and upon the issues as thus made up the cause proceeded to trial.

The trial court found against the plaintiff upon her averments as to the defendant's cruelty, and also found against the defendant upon his averments of the plaintiff's cruelty as set forth in his cross-complaint; and it accordingly denied both the plaintiff's prayer for separate maintenance for herself and the defendant's prayer for a divorce. The trial court made no finding or award upon the subject of the community property of the parties, but as to the three children of the marriage it awarded the care and custody of the youngest child, a daughter, aged three years, to the plaintiff, and awarded the care and custody of the other two children, a daughter aged seven and a son aged five years, to the defendant. The court also directed the defendant to pay the plaintiff the sum of twenty-five dollars a month for the support of the child awarded to her. From the interlocutory decree entered in accord with these findings the plaintiff prosecutes this appeal.

[1] The appellant's first contention is that said judgment must be reversed upon appeal for the reason that the trial court failed to make any finding upon the issue as to the community property.

This contention has no merit, for the reason that when the trial court found that the plaintiff's allegations as to the defendant's cruelty were untrue and that she was not entitled to separate support and maintenance, such finding rendered the issue as to the community property of the parties an immaterial issue in the case, and hence one upon which no finding was required. The case of *O'Brien* v. *O'Brien*, 124 Cal. 422, [57 Pac. 225], cited by the appellant as supporting her contention has no application, since in that case the court points out that the question of alimony remained a material issue in the case upon which, of course, the trial court was bound to make a finding. On the other hand, the cases of *Baker* v. *Baker*, 168 Cal. 346, [Ann. Cas. 1916A, 854, 143 Pac. 607] and *Zihn* v. *Zihn*, 153 Cal. 405, [95 Pac. 868], are authority for the proposition that the trial court is not required to make findings upon matters which have become immaterial issues in the case.

[2] The appellant's next contention is that the findings of the trial court are insufficient in form to support its judgment. The particular finding attacked is in the following words: "The court finds that all the allegations of plaintiff's complaint having reference to the alleged acts of cruelty alleged therein to have been inflicted upon plaintiff by defendant, as a cause for the separation of plaintiff from defendant, were not true, and have not been sustained by sufficient evidence."

The appellant's criticism of the foregoing finding is based upon the cases of *Krug* v. *F. A. Lux Brewing Co.*, 129 Cal. 322, [61 Pac. 1125], *Harlan* v. *Ely*, 55 Cal. 340, *Bank of Woodland* v. *Treadwell*, 55 Cal. 379, and *Ladd* v. *Tully*, 51 Cal. 277, but a cursory examination of each one of these cases will disclose a most material difference between the finding criticised in each of them and the finding assailed in the case at bar, since in each of these cases the defect in the finding was that it left in doubt what facts the court found to be true or untrue; while in the finding assailed in the instant case there is no such doubt or confusion, since the trial court has expressly found that all of the plaintiff's allegations upon the subject of the defendant's cruelty are untrue. This finding we think sufficient under the authority of *Continental B. & L. Assn.* v. *Wilson*, 144 Cal. 776, [78 Pac. 254]; *Williams* v. *Hall*, 79 Cal. 606, [21 Pac. 965].

[3]   The further criticism of said finding by the appellant upon the ground that it presents a negative pregnant is also without merit, since the logical defect of a negative pregnant as applied to legal matters has reference to pleading, not to findings, which are to be construed so as to uphold the judgment if they are reasonably susceptible of such a construction. (*Baker* v. *Eilers Music Co.*, 26 Cal. App. 371, [146 Pac. 1056].)

The appellant's next contention seems to be that the trial court in finding against the plaintiff upon the issue of the defendant's cruelty as the foundation of her action for separate maintenance did so upon the mistaken idea that her testimony in that regard required corroboration as in an action for divorce. This, however, is a man of straw, since the findings nowhere disclose that the court was possessed of this notion. On the contrary, the court's finding is susceptible of the construction that the plaintiff failed to make out a case of cruelty as against the defendant's proofs in that regard.

[4]   The appellant's final contention is that the distribution of the children of the marriage between the parties is indefensible in view of the court's findings and of the evidence in the case.

We cannot agree with this contention, for while it is true that the court did find that the defendant's averments as to the plaintiff's neglect of the children were not sustained by the evidence, it is also true that there was considerable testimony presented *pro* and *con* upon these issues, in the course of which the trial court had abundant opportunity to observe the character and qualities of the respective parties bearing directly upon the fitness of each to have the custody of their offspring. These facts, when taken in connection with the very wide discretion with which trial courts are invested in dealing with the custody of the minor children of discordant parents, lead us to the conclusion that the trial court has not been shown to have committed any error or abuse of discretion in its award of the children in the instant case. (*Jones* v. *Jones*, 49 Cal. App. 165, [192 Pac. 867].)

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.