[Civ. No. 2748.   Third Appellate District.—May 24, 1924.]

## FELICE C. ARNHEIM, Respondent, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY (a Corporation), Appellant.

[1] FIRE INSURANCE—ACTION UPON POLICY—TRANSFER—TRANSFER OF INTEREST BY CO-OWNER OF INSURED PROPERTY—ALLEGED NONLIABILITY OF INSURANCE COMPANY—PLEADING—BURDEN OF PROOF. In an action by an owner of an interest in a building upon an insurance policy covering said building against loss or damage by fire and providing that, unless otherwise provided by agreement indorsed on the policy or added thereto, the company shall not be liable for such loss or damage if the interest in or title to said building is changed by a transfer by one co-owner to others, it having been admitted by the pleadings that plaintiff's co-owner had parted with her interest in the property insured before the damage thereto by fire, and the complaint having been silent as to whether the defendant consented to such transfer and the answer having affirmatively alleged "that no agreement or consent of defendant" to the transfer "was indorsed upon or added to said policy," the burden of proving this affirmative allegation was on defendant.   (On petition for hearing by supreme court, approval withheld.)

[2] ID.—ABSENCE OF CONSENT OF COMPANY TO TRANSFER—UNTRUTH OF ALLEGATION—FINDINGS—INFERENCES—APPEAL.—In such action, the appeal having been upon the judgment-roll alone, the express finding of the trial court, to the effect that defendant's allegation "that no agreement or consent of defandant" to the transfer "was indorsed upon or added to said policy" was untrue, cannot be overthrown by the inference "that the insurance company did not consent to such transfer by indorsement on the policy, since the copy of the policy attached to the complaint did not contain such an indorsement."

[3] ID.—APPEAL ON JUDGMENT-ROLL — JUDGMENTS — PRESUMPTIONS.—"In an appeal on the judgment-roll alone every intendment possible is in favor of the judgment or order appealed from, and if error does not affirmatively appear, it will be sustained, if there is any possible ground on which it can be sustained," and this rule is specially applicable where the appellant failed to appear at the trial or offer any proof of the facts alleged in its answer.

1.  Alienation by or to partner or joint owner as change of title or interest within policy condition, notes, Ann. Cas. 1916B, 948; Ann. Cas. 1917B, 1228. See, also, 14 Cal. Jur. 468; 14 R. C. L. 1118.
3.  See   2 Cal. Jur. 520.

[4] FINDINGS—INCONSISTENCY IN PLEADINGS.—In construing a finding, "That all the allegations of defendant's answer in said action, so far as they are inconsistent with the allegations of said complaint, are not true," to determine whether one allegation is inconsistent with another may be a difficult problem, involving questions both of law and of fact upon which reasonable men may differ, and therefore it cannot be known what allegations of the answer the trial judge may have considered inconsistent with those of the complaint.

[5] FIRE INSURANCE—OMNIBUS FINDING—ABSENCE OF UNCERTAINTY. —PLEADING.—In such action, where the only affirmative allegations of the answer which appear in the complaint were of certain provisions of the policy, which was set forth in full by the complaint, and that plaintiff's co-owner had conveyed her interest in the property prior to the fire, which fact was expressly alleged in the complaint, there is no uncertainty as to the meaning of an omnibus finding, "that all the affirmative allegations set forth and contained in said answer of the defendant are untrue, except as the same appear by, and are shown in the complaint herein," and except as specifically found.

[6] ID.—PLEADING—ADMISSIONS—FINDINGS—TECHNICAL OBJECTION.— In such action, the terms of the policy and the fact of the transfer by plaintiff's co-owner having been admitted by the pleadings, no finding thereon was necessary, and defendant's objection to the sufficiency of the findings was purely technical.

[7] ID.—APPEAL ON JUDGMENT-ROLL ALONE—OPINION OF TRIAL COURT NO PART OF RECORD.—The opinion of the trial court is no part of the record on appeal and an appellate court must look to the judgment-roll alone to ascertain the facts where the appeal is on the judgment-roll alone.

---

(1) 26 C. J., p. 516, sec. 725.   (2) 4 C. J., p. 737, sec. 2666, p. 775, sec. 2722.   (3) 4 C. J., p. 731, sec. 2662, p. 732, sec. 2662.   (4) 33 C. J., p. 1172, sec. 106; 38 Cyc., p. 1983.   (5) 33 C. J., p. 1171, sec. 106; 38 Cyc., p. 1983.   (6) 38 Cyc., p. 1973.   (7) 4 C. J., p. 102, sec. 1708, p. 665, sec. 2558.

APPEAL from a judgment of the Superior Court of Glenn County.  Claude F. Purkitt, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Goodfellow, Eells, Moore & Orrick for Appellant.

---

6.  See 26 R. C. L. 1089.
7.  See 2 Cal. Jur. 688; 2 R. C. L. 129.

Edward Myers and Duard F. Geis for Respondent.

FINCH, P. J.—The complaint alleges that at all times therein mentioned the plaintiff was the owner of an undivided one-half interest in a certain building; that on the eleventh day of October, 1920, Carrie L. Kahn was the owner of the other half interest; that on that day the defendant "executed and delivered to plaintiff and said Carrie L. Kahn, its certain policy of fire insurance . . . by which said defendant did insure plaintiff and said Carrie L. Kahn for the term of one year from the 1st day of November, 1920, to the 1st day of November, 1921, against all loss or damage by fire, except as in said policy provided, to an amount not exceeding $3000 on the property" aforesaid; that "on the 11th day of June, 1921, the property . . . was damaged by fire to the extent and amount of $7987.72''; that "on or about the 18th day of April, 1921, the said Carrie L. Kahn, . . . without the knowledge of plaintiff, sold and conveyed her said one-half interest" in the property. It is then alleged that due proofs of loss were made to the satisfaction of defendant, but that defendant failed and refused to pay the same, and that the proportion of plaintiff's loss for which defendant is liable to her, by reason of her ownership of a half interest in the property, is the sum of $1,196.80, the property having been insured in another company as well as defendant. A copy of the insurance policy was attached to the complaint. The policy contained the following provision:

"Unless otherwise provided by agreement endorsed hereon or added hereto this company shall not be liable for loss or damage occurring . . . while the interest in, title to or possession of the subject of insurance is changed excepting:— (1) by the death of the insured; (2) a change of occupancy of building without material increase of hazard; and (3) transfer by one or more several copartners or co-owners to others."

In addition to the denial of certain allegations of the complaint, the answer sets up several provisions of the policy, including that above quoted, and alleges that Carrie L. Kahn conveyed her half interest in the property to someone other than plaintiff; "that no agreement or consent of defendant to the foregoing was endorsed upon or added to said policy and that the same thereby became void"; that

"defendant at all times after the occurrence of said loss claimed that no liability as to said insured or either of them under said policy existed." There were other affirmative allegations contained in the answer, but they are not material to the determination of this appeal.

The cause came on regularly for trial but no one appeared for defendant. Evidence was introduced by the plaintiff and findings were filed and judgment entered in her favor as prayed for in the complaint. The defendant prosecutes this appeal on the judgment-roll alone.

In so far as material here, the court found as follows: "I. That all the allegations and averments of the plaintiff's complaint herein are true. II. That all the denials of the defendant in its answer to the complaint herein are untrue. III. That all the affirmative allegations set forth and contained in said answer of the defendant are untrue, except as the same appear by and are shown in the complaint herein; and except that it is true that the defendant at all times after the occurrence of the loss referred to in said complaint claimed that no liability as to the insured, or either of them, under the policy set forth in the complaint existed."

[1] It is admitted by the pleadings, being alleged by both parties, that Carrie L. Kahn had parted with her interest in the property insured before the damage thereto by fire. The complaint is silent as to whether the defendant consented to such transfer and the answer affirmatively alleges "that no agreement or consent of defendant" to the transfer "was endorsed upon or added to said policy." The burden of proving this affirmative allegation was on defendant. (19 Cyc. 936; *McEwen* v. *Occidental Life Ins. Co.,* 172 Cal. 6 [155 Pac. 86]; *Rossini* v. *Saint Paul Fire etc. Ins. Co.,* 182 Cal. 415 [188 Pac. 564]; *Atlas Fire Ins. Co.* v. *Malone,* 99 Ark. 428 [Ann. Cas. 1913B, 210, and note, p. 212, 138 S. W. 962].) [2] The court found that all the affirmative allegations of the answer, with certain exceptions of which this is not one, are untrue. Appellant contends that it sufficiently appears "that the insurance company did not consent to such transfer by endorsement on the policy, since the copy of the policy attached to the complaint did not contain such an endorsement." This might be true in the absence of a finding to the contrary, but no such inference can prevail over the express finding

that defendant's allegation is untrue. The complaint does not allege that the copy of the policy attached thereto contains the indorsements thereon. [3] "In an appeal on the judgment-roll alone every intendment possible is in favor of the judgment or order appealed from, and if error does not affirmatively appear, it will be sustained, if there is any possible ground on which it can be sustained." (*Myers* v. *Canepa,* 37 Cal. App. 556, 560 [174 Pac. 903].) The foregoing rule is specially applicable to this case because of defendant's failure to appear at the trial or offer any proof of the facts alleged in its answer.

It is contended that the omnibus finding, "that all the affirmative allegations set forth and contained in said answer of the defendant are untrue, except as the same appear by, and are shown in the complaint herein," and except as specifically found, is insufficient to support the judgment. In support of this contention appellant cites *Harlan* v. *Ely,* 55 Cal. 340, *Krug* v. *F. A. Lux Brewing Co.,* 129 Cal. 322 [61 Pac. 1125], *Pincheiro* v. *Bettencourt,* 17 Cal. App. 111 [118 Pac. 941], *Hall* v. *Mitchell,* 59 Cal. App. 743 [211 Pac. 853], *Imperial Water Co. No. 1* v. *Imperial Irr. Dist.,* 62 Cal. App. 286 [217 Pac. 88], *Stampfli* v. *Stampfli,* 53 Cal. App. 126 [199 Pac. 829], *McAuliffe* v. *McAuliffe,* 53 Cal. App. 352 [199 Pac. 1071], and *Turner* v. *Turner,* 187 Cal. 632 [203 Pac. 109]. Of the findings condemned in the foregoing cases, that in *Krug* v. *F. A. Lux Brewing Co.* is most nearly like the one here under consideration. It was as follows: "That all the allegations of defendant's answer in said action, so far as they are inconsistent with the allegations of said complaint, are not true." [4] To determine whether one allegation is inconsistent with another may be a difficult problem, involving questions both of law and of fact upon which reasonable men may differ, and therefore it cannot be known what allegations of the answer the trial judge may have considered inconsistent with those of the complaint. [5] The same difficulty is not encountered in determining what allegations of the answer "appear by and are shown in the complaint." The question is easily determined in this case. The only affirmative allegations of the answer which appear in the complaint are of certain provisions of the policy, which is set forth in full by the complaint, and that Carrie L. Kahn had conveyed her interest in the property prior to the fire, which fact is ex-

pressly alleged in the complaint. The terms of the policy and the fact of such transfer being admitted by the pleadings, no finding thereon was necessary. **[6]** From what has been said, it clearly appears that the objection to the sufficiency of the findings is purely technical. While the finding is far from being a model, and is not to be commended, yet, under the particular facts of this case, there is no uncertainty as to the meaning thereof, and it would be unjust to put plaintiff to the expense of a second trial by reason of a technical defect not affecting the substantial rights of the defendant, after it has failed to avail itself of the opportunity to present any defense it may have at the first trial. What has been said applies with equal force to all the affirmative allegations of the answer which are not contained in the complaint.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant for a rehearing of this cause was denied by the district court of appeal on June 23, 1924, and the following opinion then rendered thereon:

THE COURT.—In appellant's petition for a rehearing it is said that "the case was . . . submitted in the court below upon the admitted facts shown by the plaintiffs and a stipulation of facts." The opinion of the trial court is appended to the petition. The following language appears in the opinion: "In due course a trial was had in which the plaintiff introduced certain evidence, and thereafter a continuance was had and a stipulation filed of record in this case, and the matter submitted to the court for decision. . . . The court . . . has read with marked interest the very voluminous and able briefs filed by counsel upon each side." **[7]** The opinion of the trial court is no part of the record on appeal and this court must look to the judgment-roll alone to ascertain the facts. The judgment, which was signed by the trial judge, recites: "This cause came on regularly for trial on the 29th day of January, 1922, Duard F. Geis, Esq., appearing as counsel for plaintiff, and no counsel appearing for the defendant. . . . Evidence was introduced by the plaintiff, and the evidence being closed, the cause was submitted to the court for consideration and decision." There

is nothing in the record to show that the defendant appeared at the trial or that the case was submitted upon stipulated facts. It is not important here, however, whether the defendant appeared at the trial, or whether the facts were stipulated, since the stipulation, if any, is not in the record, because the findings are such as to entitle plaintiff to the judgment rendered.

It is conceded in the petition that the burden was on defendant to show a breach of the condition against a transfer of title, but it is contended that, a transfer of the cotenant's title being admitted, the burden was on plaintiff to show that defendant consented to such transfer. The condition, however, was not that no transfer of title should be made, but that no such transfer should be made without defendant's consent indorsed upon or added to the policy. Mere proof of a transfer of title does not establish a breach, but it must further appear that the defendant did not consent thereto in the manner provided in the policy. This question of burden of proof, like that first considered, is of no practical importance, because the defendant alleged that it did not so consent and the court found that such allegation is untrue. The appeal being upon the judgment-roll alone, it must be presumed that there was evidence to support the findings.

The petition is denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1924, and the following opinion then rendered thereon:

THE COURT.—The petition for a transfer and hearing by this court after decision by the district court of appeal for the third appellate district is denied.

We neither approve nor disapprove the statement in the opinion to the effect that the burden of proof was on the defendant to prove that no agreement or consent of defendant to the transfer of interest was indorsed upon or added to the policy. That statement is unnecessary to the decision for the reason that in the absence of a bill of exceptions or reporter's transcript we must presume that the findings of fact were sustained by the evidence.

All the Justices concurred.