[Civ. No. 6728. Third Dist. Jan. 5, 1943.]

BLACK ROCK PLACER MINING DISTRICT, Appellant, v. SUMMIT WATER AND IRRIGATION COMPANY (a Corporation) et al., Defendants; NEVADA IRRIGATION DISTRICT, Respondent.

W. E. Wright and H. Ward Sheldon for Appellant.

C. F. Metteer for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment rendered pursuant to an order sustaining a demurrer to its complaint without leave to amend the pleading. The suit was brought in eminent domain by an organized placer mining district, under section 73.5 of the Placer Mining District Act (Stats. 1933, ch. 899, p. 2321, Deering's Supp. Laws of Cal. 1933, p. 1889, Act 4938a; now § 2473(a), Public Resources Code), to condemn land in Nevada County for the use of the district.

The appellant contends that a placer mining district which is organized pursuant to law has the right to invoke proceedings in eminent domain, as provided by section 1238 of the Code of Civil Procedure, and that the Legislature has the sole province of determining what constitutes public uses for that purpose.

The respondent asserts that the plaintiff lacks legal capacity to maintain this action in eminent domain, and that the complaint fails to allege facts sufficient to constitute a cause of action chiefly because it is not stated the land is sought to be condemned *for public use.* On the contrary, it is claimed that the public records of the organization of that district, of which the courts may take judicial notice, affirmatively show that the lands contained therein are used solely for private and not for public benefit.

We are of the opinion the demurrer was properly sustained. The complaint fails to state facts sufficient to constitute a cause of action in eminent domain.

The action was brought in the name of Black Rock Placer Mining District. The complaint fails to allege that directors were elected or that a board was organized as required by sections 45 and 66 of the Act of 1933, *supra* (now §§ 2457 and 2458 of the Pub. Res. Code). The suit is not maintained by or through the board of directors, as the law requires (§§ 73 and 73.12 of Act of 1933, *supra;* now § 2472(d), Pub. Res. Code), assuming that such a board actually exists. Those sections provided in part:

"Acting through such board, the district shall have power: . . .

"To . . . sue and be sued."

The act specifically authorizes the district to maintain suits only through its board of directors. This is a statutory requirement. No other method of maintaining suits by or against the district is provided for by statute. This suit

was therefore improperly brought contrary to the provisions of law, in that regard. It is said in 20 California Jurisprudence, page 492, section 11:

"It is therefore necessary, where an action is entirely statutory, to bring the action in the name of the person to whom the right to sue is given by statute, regardless of any question as to the real party in interest."

The complaint fails to allege the purpose for which the land sought to be condemned is intended to be used. The pleading fails to state that the land is *necessary* for any particular purpose, or that it is to be used *for a public purpose*. Paragraph VII of the complaint contains the only allegations with respect to the use of the land sought to be condemned. It reads:

"That none of the property hereinabove described has heretofore been appropriated to a public use, or, if it has, the use which the plaintiff herein proposes to make thereof, *is more necessary for the use of the said Black Rock Placer Mining District than that to which any of the said property has heretofore been dedicated."* (Italics added.)

It is true that in paragraph II of the complaint, after stating that the district was organized "for the purpose, among other things, of conducting placer mining, acquiring, maintaining, constructing and operating all necessary property, canals, storage basins, reservoirs and works for the placer mining . . . and for the further purpose of storing and transporting water to be used for such placer mining," it is further alleged that the real estate sought to be condemned "is necessary for the *said* purposes." This is not an affirmative statement that the land is to be used for any particular purpose or that it is to be used for a public purpose. No facts are alleged from which the court may determine whether the land is to be devoted to a public use.

It has been frequently held that a complaint in eminent domain must allege that the use to which the property sought to be condemned is one authorized by law, that it is to be devoted to a public use, and that the particular property is necessary for that purpose. (10 Cal.Jur. 397, § 99; 8 Standard Enc. of Proc. 285, § F,3,f.; 4 Bancroft's Code Prac. 3875, § 2994.) In the text last cited, in which each statement is supported by numerous authorities, it is said:

"The complaint or petition should allege that the use to

which the property is to be appropriated is one which is authorized by law, that it is a public use, and that the particular property sought to be obtained is necessary for such use. . Ordinarily, pleading the conclusion that the use is public is insufficient; it should be definitely shown that the use to which the property is to be put is a public one by pleading the ultimate facts."

The appellant contends that all property and facilities owned by the district, regardless of the use to which they are devoted, are deemed to be devoted to a "public use." The appellant relies on section 74 of the Act of 1933 (now section 2474, Pub. Res. Code) in that regard. That section provided:

"The use of all water or other facilities required for the working of the mines in the lands of any district formed under the provisions of this act, together with the facilities auxiliary thereto *and all other property required in fully carrying out the provisions of this act is hereby declared to be a public use,* subject to the regulation and control of the State in the manner prescribed by law." (Italics added.)

The Legislature has no power to declare arbitrarily that all property used for or incidental to placer mining shall constitute a public use regardless of the manner or extent to which it is used. Placer mining is recognized in California as a private enterprise to which the doctrine of eminent domain does not ordinarily apply. (54 A.L.R. 63, note.) It is said in *County of Sutter* v. *Nicols,* 152 Cal. 688 [93 P. 872, 14 Ann.Cas. 900, 15 L.R.A. N.S. 616], at page 694, that:

"The business of mining for the benefit of the mine-owner is as much a private affair as that of a farm or factory, and the right of eminent domain cannot be invoked in aid of it."

In the case of *Associated Pipe Line Co.* v. *Railroad Comm.,* 176 Cal. 518 [169 P. 62, L.R.A. 1918C, 849], at page 529, with respect to the power of the Railroad Commission to declare certain property a public utility, it is said:

"It has no power to declare what shall constitute a public utility. But this, argues respondent, is a function of the legislature. Not so. The legislature possesses no such power. It cannot by its edict make that a public utility which in fact is not, and take private property for public use by its fiat that the property is being devoted to a public use."

If, as a matter of fact, land or other property is actually used for placer mining purpose for the benefit of indi-

viduals and not for public benefit, it may not be deemed to become a public use subject to eminent domain by the *ipse dixit* of the Legislature merely because it is operated by an association of its owners organized under the Placer Mining District Act. ■ The question as to whether the property is to be devoted to public use is a problem for judicial determination. (*Stratford Irr. Dist.* v. *Empire Motor Co.*, 44 Cal.App.2d 61 [111 P.2d 957], at p. 67; *Lux* v. *Haggin*, 69 Cal. 255 [4 P. 919, 10 P. 674]; *Logan* v. *Stogsdale*, 123 Ind. 372 [24 N.E. 135, 8 L.R.A. 56]; 35 W.&Phr., Perm.Ed., 387; Cooley's Const. Lim., 8th ed., 1141.) In the text last cited it is said:

"The question what is a public use is always one of law. Deference will be paid to the legislative judgment, as expressed in enactments providing for an appropriation of property, *but it will not be conclusive.*" (Italics added.)

In the Stratford Irrigation District case, *supra,* the court stated:

"The mere declaration by the legislature of a purpose for which property may be taken for a public use is not conclusive and does not preclude a person whose land is being condemned from showing upon the trial that, as a matter of fact, the use sought to be subserved is a private one, or from assailing the complaint on the ground that it so appears therefrom. The character of the use and not its extent, determines the question of public use."

In the case from which we have last quoted, it was held that the complaint sufficiently stated a cause of action in that regard for the reason that it was specifically alleged the designated purposes "are for a public use and benefit." No such language is employed in the complaint in this action.

■ We therefore hold that the mere commencement of an action to acquire property by a placer mining district "for the purpose of carrying out the provisions of the act" under which it is organized, as declared by section 74 thereof, does not *ipso facto* determine that it is necessarily to be devoted to a public use. In spite of the last-mentioned section it is essential to allege and prove that private property is required for a specified purpose and is to be used for a designated public benefit before it may be subjected to eminent domain. The complaint in the present action makes no such allegations.

■ It is the manner and the purpose for which property is used that determines whether it is devoted to a public or a private use. (*Gravelly Ford Canal Co.* v. *Pope & Talbot Land Co.*, 36 Cal.App. 556, 562 [178 P. 150]; 54 A.L.R. 15, note.) "Eminent domain is the right of the people or government to take private property for public use." (§ 1237, Code Civ. Proc.) It may not be so taken for private use. When a person or an association acquires private property to be used for the purposes specified in section 1238 of the Code of Civil Procedure, he holds it as "an agent of the state." (§ 1001, Civ. Code.) Section 1238, *supra,* does not declare that the various properties mentioned therein are deemed to be used for public benefit. It merely asserts that such enumerated properties may be the subject of eminent domain provided it is necessary to appropriate them for a public use. The previous section supplies the necessary public use element of eminent domain. Subdivision 5 of section 1238 provides for the exercise of eminent domain to acquire certain properties for specified mining purposes independently of the Placer Mining District Act, as follows:

"Subject to the provisions of this title, the right of eminent domain may be exercised in behalf of the following public uses: . . .

"5. Roads, tunnels, ditches, flumes, pipes, aerial and surface tramways and dumping places for working mines; also outlets, natural or otherwise, for the flow, deposit or conduct of tailings or refuse matter from mines; also an occupancy in common by the owners or possessors of different mines of any place for the flow, deposit, or conduct of tailings or refuse matter from their several mines."

That section does not purport to determine that roads, tunnels, ditches, basins for deposit of tailings, etc., are *ipso facto* properties devoted to public use. It merely provides that if they are necessary for such purposes for public use they may be condemned in the manner provided by law. ■ In compliance with the statutes applicable to eminent domain, it is necessary to allege and prove affirmatively the necessity for acquiring the land and that the purpose of doing so is for a public use. Before private property may be taken for a public use it must appear that the proposed use is authorized by law, and that the taking is *necessary* to such use. (§ 1241, Code Civ. Proc.) It is true that, with respect to certain corporations and governmental subdivisions, the *neces-*

*sity* for taking private property for designated public purposes may be presumed from evidence of formally adopted resolutions to that effect. (§ 1241, *supra*.) But in the present case the adoption of such a resolution is not alleged.

The question regarding the use to which the property is to be devoted must be determined from the facts of each case as they are alleged or appear in evidence.

In support of the judgment based on the order sustaining the demurrer to the complaint without leave to amend the pleading, the respondent asserts that by reference to the map and public records of proceedings of the organization of Black Rock Placer Mining District in the office of the county clerk, which were filed as required by law (§ 21, Act of 1933, *supra;* now § 2420, Pub. Res. Code), of which records the court will take judicial notice, it appears that the mining district was not duly organized and therefore lacks legal capacity to maintain this suit in eminent domain. The respondent contends that the map which was filed with the county clerk pursuant to section 19 of the Placer Mining Act (now § 2418, Pub. Res. Code), which is attached to its opening brief, shows that the district was organized for private purposes and that it therefore lacks legal capacity to maintain this action. It is pointed out that the map shows a discrepancy of 120 acres from the total acreage of placer mining property which was included in the petition and report. No other discrepancies are specified.

It is true that the California cases hold, in passing on an alleged abuse of discretion in sustaining a general demurrer to a complaint without leave to amend the pleading, that, under subdivision 3 of section 1875 of the Code of Civil Procedure, all proper facts within the judicial knowledge of the court should be taken into consideration in determining whether the complaint may be amended. (*Livermore* v. *Beal,* 18 Cal.App.2d 535 [64 P.2d 987].) Under circumstances similar to those which are involved in that feature of this appeal, the last cited case holds that the court should take judicial notice of the records of the United States Land Office, which showed that the particular real properties to which plaintiffs sought to quiet title had been withdrawn by the government from entry, and that the appellants therefore could not amend their complaint so as to entitle them to quiet title under any circumstances. For that reason it

was there held the trial court did not abuse its discretion in sustaining demurrers without leave to amend.

 Assuming, without so deciding, that the map and organization proceedings of the placer mining district in the present case are records of which the court is required to take judicial notice, we are nevertheless unable to hold that they disclose such discrepancies as render the organization void or which disqualify the appellant from maintaining an action in eminent domain based on adequate allegations of the complaint. We are of the opinion mere inaccuracies of estimated acreage included in the report accompanying the organization of the district will not invalidate the proceedings. Nor does the statute require that the placer mining properties contained therein shall necessarily be contiguous. By reference to the map of the district attached to the appellant's opening brief, we observe no discrepancies or defects, and none has been called to our attention in other proceedings for the organization of the district which render it void, or disqualify it from maintaining this action. If such defects do exist we assume they should be raised by answer as a matter of defense.

 We know of no valid reason why a duly organized placer mining district may not condemn private property for necessary public use of the district in an action in eminent domain based on adequate allegations of facts. Subdivision 5 of section 1238 of the Code of Civil Procedure contemplates the exercise of eminent domain to acquire properties for specified mining purposes for public use. Section 73.5 of the Placer Mining Act (now § 2473(b) of the Pub. Res. Code) specifically authorizes the district, through its board of directors, to acquire property by ''condemnation'' for public use for the purposes enumerated therein incident to the operation or maintenance of the mining district.

 The appellant has waived its right to object to the dismissal of the action against one of the defendants, the Summit Water and Irrigation Company, which was granted under section 581a of the Code of Civil Procedure for failure to serve the summons within three years from the commencement of the suit, or at all, for the reason that error on that account is not assigned or relied upon in the briefs. (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 371 [184 P. 672, 12 A.L.R. 1007]; *Baker* v. *Baker*, 168 Cal. 346, 350 [143 P. 607, Ann. Cas. 1916A, 854]; Rule VIII, § 2, par. 2, Rules for Supreme

Court and District Courts of Appeal; 3 Am.Jur. 334, §§ 774, 775.)

We are of the opinion the plaintiff should have been granted leave to amend its complaint if it so desired. ▮ It has been recently determined that the question of an abuse of discretion in refusing to permit the amendment of a pleading after a demurrer thereto has been sustained, may be properly considered on appeal, even in the absence of a request to amend the pleading. (*Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 719 [128 P.2d 522].) Section 472c of the Code of Civil Procedure, which was adopted in 1939, specifically so provides. The case last cited holds that such an order may be reviewed on appeal even though the action was pending when the last-mentioned section of the code was adopted.

The order sustaining the demurrer was properly made, but the judgment is reversed and the court is directed to grant the plaintiff a reasonable time within which to file an amended complaint; respondent to recover its costs on appeal.

Schottky, J. pro tem., and Adams, P. J., concurred.