9  573<br>113  355

## HAYDEN v. DAVIS.

Where the defendant, a master of a vessel, received certain goods of plaintiff, to be delivered at a certain place, which he failed to do, and in the action brought thereupon he offered to prove that the goods belonged to a third party, who had forbidden such delivery, and that plaintiff had obtained possession of the goods by fraud: *Held,* that he was entitled to prove such facts.

To the general rule that a bailee will not be allowed to set up title in a third party, in an action brought by the bailor, there is an exception in cases where the bailor's possession was obtained by fraud.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

The facts appear in the opinion of the Court.

37

*Shattuck, Bristol, and Spencer,* for Appellant.

*J. B. Hart* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., and FIELD, J., concurring.

The defendant, who is master of a vessel, received from plaintiff's agent, at Petaluma, certain wheat, to be transmitted to plaintiff at San Francisco.

Defendant failed to deliver the wheat on demand, and plaintiff instituted this action for its recovery.

On the trial, defendant offered to prove by the depositions of several witnesses that the wheat in question was the property of one Edwards; that plaintiff had obtained possession of it by fraud and false representations; and that Edwards, the true owner, had forbidden defendant to deliver it to plaintiff.

The Court held that defendant having received the property from plaintiff could not set up title in a third party to defeat the claim of his bailor, and rejected the evidence of ownership in Edwards.

The general rule is that in an action by the bailor the bailee will not be allowed to set up title in a third party.

There is, however, an exception to this rule in cases where the bailor's possession was obtained by fraud.

In Hendman *v.* Wilcock, (9 Bingham, 378 N.,) defendant was employed to sell certain goods then in plaintiff's possession.

These goods were claimed by the assignees of a bankrupt, and notice of the claim given to defendant before the sale.   The jury found that the possession of plaintiff was obtained by means of a fraudulent collusion with the insolvent, a verdict for defendant was entered, with leave to plaintiff to move for judgment for the amount of sale, if the Court should be of opinion that the defence was not admissible.   After argument before the Court of Common Pleas, it was held that the evidence was properly admitted.

The case of King *v.* Richards, (6 Wheaton, 418,) is directly in point.   The defendants were common carriers, and receipted for the goods, to be delivered in Philadelphia, to the order of the assignor of plaintiff.   Defendant offered to show that the goods were the property of one Lasala, and that the possession of Hul & Co. had been fraudulently acquired, and that the goods had been delivered to the owner before notice of the assignment of the bill of lading to plaintiff.

This evidence was rejected, and judgment had for plaintiff.

On appeal, the judgment was reversed.   The Court said : "If the bailee receive the goods from the bailor, innocently, under the impression made by the bailor that he is the owner thereof,

or has the right to dispose of them in the manner he is doing, and therefore promises to return the goods to the bailor, it is very obvious that such a promise ought not to be regarded as binding, because obtained through a false impression made willfully by the bailor; and truth, which lies at the foundation of justice, as well as all moral excellence, would seem to require, in every such case, that the goods should be delivered to the true owner, especially if he demanded the same, instead of the wrongful bailor."

In the same case, (p. 427,) the Court say : "It may be correct enough to hold where the real owner of the property does not appear to assert his right to it, that the carrier or bailee should not be permitted, of his own mere motion, to set up a defence against the bailor, such right for him.    But it would be repugnant to every principle of honesty to say that, after the right owner has demanded the goods of the bailee, the latter shall not be permitted, in an action brought against him by the bailor for the goods, to defend against his claim, by showing clearly and conclusively that the plaintiff acquired possession of the goods, either fraudulently, tortiously, or feloniously, without having obtained any right thereto."

The exception to the general rule as to the liability of bailees is recognized in Angell on Carriers, § 336; Story on Bailment, 450 ; Story on Agency, 217, and is, we think, founded in reason and justice.

A different rule would be productive of great hardship to the bailee in such cases.

"For when the adverse title is made known to the carrier, if he is forbidden to deliver the goods to any other person, he acts at his peril; and if the adverse title is well founded, and he resists it, he is liable to an action for the recovery of the goods by the person setting up such adverse title." (Story on Bailment, 582.

It follows that the evidence of ownership in Edwards was improperly rejected.

Judgment reversed, and cause remanded.