[S. F. No. 1201.   Department Two.—July 24, 1900.]

## FRITZ KRUG et al., Respondents, v. F. A. LUX BREWING COMPANY, Appellant.

FINDINGS—SUPPORT OF JUDGMENT—INDECISIVE REFERENCE TO PLEADINGS.
Where the answer contains both denials and affirmative allegations of matter of defense, findings that all of the allegations of the complaint are true, and that all of the allegations of the answer, so far as they are inconsistent with the allegations of the complaint, are not true, cannot support a judgment for the plaintiff. Such findings leave it undecided what allegations of the answer are inconsistent with the allegations of the complaint.

ID.—DUTY OF LOWER COURT—FINDINGS NOT MADE UPON APPEAL.—It is the duty of the lower court to make its findings certain and decisive; and this court will not assume the function of determining for the first time upon appeal what allegations are true or false, either by reference to the testimony or by reference to other facts found.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Otto Tum Suden, for Appellant.

Hotaling & Spencer, for Respondents.

McFARLAND, J.—This action is based on a promissory note alleged to have been made by the corporation defendant

to the plaintiffs. The answer contains specific denials of certain averments of the complaint and also certain affirmative allegations which, if true, constitute a defense to the action. Judgment went for the plaintiffs, and the defendant appeals from the judgment.

The defendant contends that the findings do not support the judgment, and this contention must be sustained. The only findings made by the court are as follows: "That all the allegations of plaintiffs' complaint in said action are true. That all the allegations of defendant's answer in said action, so far as they are inconsistent with the allegations of said complaint, are not true." It has been established by a long line of decisions in this state that such a finding is insufficient to support a judgment. (*Ladd v. Tully,* 51 Cal. 277; *Johnson v. Squires,* 53 Cal. 37; *Harlan v. Ely,* 55 Cal. 340, 344; *Bank of Woodland v. Treadwell,* 55 Cal. 379; *Goodnow v. Griswold,* 68 Cal. 599.) Of course, as was held in *Williams v. Hall,* 79 Cal. 606, and in many other cases, a finding that "all the allegations of the complaint are true and all the averments of the answer are untrue," is sufficient; but the findings in the case at bar that the allegations of defendant's answer, "so far as they are inconsistent with the allegations of said complaint, are not true," leave entirely undecided what allegations of the answer are inconsistent with the allegations of the complaint. The case at bar cannot be distinguished from *Harlan v. Ely, supra,* where the court, having made some special findings, then found generally that all the allegations of the answer are untrue, "except only in so far as the same accord with the foregoing facts." This court in reversing that case said: "The court below should have assumed the labor of comparing the allegations of the answer with the facts by it found; as it is, we are not informed which allegations of the answer were, in the opinion of the court below, true, which untrue. We cannot assume the function of determining for the first time the truth or falsity of any of them, either by reference to the testimony or to the facts actually found. A finding that all the 'material' averments of a, pleading are true or untrue is insufficient. (*Ladd v. Durkin,* 54 Cal. 395. See *Johnson v. Squires, supra.*) But the fifth finding is no more certain than a finding

which refers only to material allegations." In *Bank of Wood-land v. Treadwell, supra,* this court said: "The court found 'that all the allegations of the complaint are true, and all the allegations and denials of the answer contradicting the complaint in any respect are untrue.' This is not a finding upon the issue tendered by the answer as above given; the judgment must therefore be reversed for want of sufficient finding." In *Ladd v. Tully, supra,* the finding was that all the "material" facts stated in the complaint are true; and this court said: "But we have no means of determining what facts the court deemed 'material,' and have no information from the findings upon this point. So loose a method of finding the facts cannot be tolerated, and would lead to most serious perplexities." In *Goodnow v. Griswold, supra,* the finding was that "the several allegations of said complaint not in conflict with the foregoing findings are true"; and this court said: "We are not informed which of the other findings were, in the opinion of the court below, in conflict with the findings referred to as the 'foregoing facts'"; and the court said, quoting the language of *Harlan v. Ely, supra:* "We cannot assume the function of determining for the first time the truth or falsity of any of them, 'either by reference to the testimony' or to the facts actually found." The case at bar is clearly within the foregoing decisions; and we cannot disregard the established law in order to meet the exigencies of a particular case. We have heretofore called attention to the fact that the announcement of a trial court of its intention to decide a case a particular way does not end the case, but that care must be taken, under our system, in preparing findings which will support the judgment that is to be rendered.

The judgment is reversed.

Temple, J., and Henshaw, J., concurred.