[Civ. No. 3465. Second Appellate District, Division One.—July 28, 1921.]

W. E. MOODY, Respondent, v. H. K. GOODWIN et al., Defendants; R. B. MOORE, Appellant.

[1] AGENCY EXHIBITION OF AUTOMOBILE—SCOPE OF AUTHORITY.—A person intrusted with the possession of an automobile by the owner thereof for the purpose of showing it to a prospective purchaser and then returning it is not clothed with the authority of a factor and has not the right to sell it.

[2] CONVERSION — REGISTERED AUTOMOBILE — NONCOMPLIANCE WITH MOTOR VEHICLE ACT—RIGHT OF ACTION BY TRANSFEREE.—A person in the actual and rightful possession of an automobile is entitled to maintain an action in replevin or for conversion thereof, even though upon a transfer to him there was a failure to comply with section 8 of the Motor Vehicle Act (Stats. 1917, p. 391).

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jackson Mahon for Appellant.

E. F. Brittan for Respondent.

SHAW, J.—Action for the recovery of damages for defendants' alleged conversion of an automobile. Plaintiff had judgment, from which defendant Moore has appealed.

While there is some conflict in the evidence, it sufficiently appears therefrom that plaintiff was in the rightful possession of the car as a purchaser thereof from the registered owner; that on or about September 18, 1919, he, for the purpose of having it shown to defendant R. B. Moore, who was represented to be a prospective buyer, permitted H. K.

Goodwin to drive the same to Moore's place of business for exhibition. No authority, however, was given Goodwin to sell or deliver the car to Moore, but it was to be returned to plaintiff. Notwithstanding the fact that he was without authority so to do, Goodwin sold and delivered the car to Moore.

[1] Upon the facts so established, there is no merit in appellant's contention that Goodwin was clothed with the authority of a factor which, as defined by section 2026 of the Civil Code, is "an agent who, in the pursuit of an independent calling, is employed by another to sell property for him, and is vested by the latter with the possession or control of the property." Having, as appears from plaintiff's testimony, no authority to sell or dispose of the car, but intrusted with it for a special purpose only, Goodwin was not a factor and had no more right to sell the car to Moore than if he had stolen it from plaintiff.

[2] At the time of the transaction section 8 of the Vehicle Act, as amended by the legislature in 1917 (Stats. 1917, p. 391), prescribed certain things to be done, the performance of which is required as a condition of the transfer of ownership of a registered motor vehicle, and provided that, in the absence of a compliance therewith, title to the same should not pass and the intended transfer should not be effective for any purpose. While the car was registered in the name of the vendor of plaintiff, there was no compliance on his part with the provisions referred to. Hence, by reason of such omission, appellant, relying upon the provision of section 367 of the Code of Civil Procedure that "every action must be prosecuted in the name of the real party in interest, . . . " insists that, conceding the conversion by defendant, no cause of action existed in favor of plaintiff therefor.

The general rule is that "actual possession of a chattel at the time of a conversion thereof will sustain trover, except as to the true owner, or one claiming under him, even though the title be conceded to be in a third person" (38 Cyc. 2046, 2047), in support of which principle, among numerous cases cited, is that of *Sutton* v. *Buck,* 2 Taunt. 302, wherein it was held that possession of a ship under a transfer void for noncompliance with the register acts is a sufficient title in trover against a stranger. Therefore, as-

suming that by reason of noncompliance with the conditions prescribed by section 8 of the Vehicle Act plaintiff was not the owner of the car, nevertheless he was, with the consent of the true owner, in the actual and rightful possession thereof; and hence by virtue of such possession, under the rule stated, he was entitled to maintain an action either in replevin or to recover damages for the conversion of the chattel.

We find no merit in the appeal.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.