[Civ. No. 18421.   Second Dist., Div. Three.   Nov. 7, 1951.]

Estate of OLYN D. RAMSEY, Deceased.   NORMAN CARL-TON, Respondent, v. JEAN WIENK et al., Appellants.

Nicolas Ferrara for Appellants.

Lee Schwartz for Respondent.

SHINN, P. J.—Jean Wienk and Margaret J. Phelps appeal from a decree rendered in probate approving assignments by appellants of their interests as residuary legatees of the estate of Olyn D. Ramsey, deceased, and ordering distribution to the assignee when partial, ratable or final distribution should be made.

Norman Carlton, the assignee, filed a petition alleging that each of said assignors was entitled under the will of decedent to receive one-sixth of the residue of the estate and that they had assigned their interests to him. He sought approval of the assignments pursuant to section 1020.1 of the Probate Code. In brief this section gives the court authority to inquire into the consideration paid for an assignment and to refuse distribution thereunder unless it is shown to have been executed voluntarily and upon just and equitable terms. Copies of the assignments were attached, as well as copies of earlier partial assignments that are not in question. Jean Wienk and Margaret J. Phelps separately filed affidavits in opposition to the petition of Carlton. The affidavit of Jean Wienk alleged that Carlton had represented to her that her entire interest or share in the estate would amount to from $1,600 to $1,660, and that his charge for any advances was 20 cents on the dollar; that she had borrowed from said Carlton $660, and had assigned interests in the estate to the amount of $825; that she sought to borrow further sums from Carlton; that he represented to her that the remainder which would come to her was from $775 to $835 and that, believing said representations, she assigned the remainder of her interest, receiving therefor $575. She alleged that Carlton well knew the condition of the estate and the value of her interest, the representations were knowingly false, were made with intent to deceive her, that she believed the same; that she was ill at the time, needed the money for hospitalization, so informed Carlton and eventually made the assignment in ignorance of the value of her interest. She alleged facts to show that Carlton, instead of making a profit of from $200 to $260 from the balance of her interest so assigned, which he represented he would receive, actually would profit to the extent of $1,419.56. She alleged also that the representations made by Carlton were made positively, and if not actually known to

him to be untrue, were made without reason to believe they were true, and she also alleged that she made the assignments under a mistake of fact as to the value of her interest in the estate.

The affidavit of Margaret Phelps contained similar allegations as to the value of her interest, Carlton's knowledge, and her lack of knowledge thereof. She alleged that Carlton represented to her that he would gain only to the extent of $115 to $175, whereas he stood to profit from the final assignment to the extent of $1,334.56.

As security for the earlier loans each appellant had assigned amounts equal to the loans, plus 25 per cent thereof. Each gave notice of rescission of her final assignment but in her objections expressed her willingness to have her assignment of her entire interest approved for the amount she had received therefor upon the same terms upon which she had made the earlier assignment. (They compute the profits of Carlton at 20 per cent of the money advanced, whereas it was 25 per cent.) The court approved the assignments unconditionally.

The parties assume that the proceedings under section 1020.1 constituted a trial in the true sense and that the order made was a final judgment. We shall discuss this matter later.

■ The matter was duly heard and the objectors testified to the facts alleged in their affidavits. There was also corroborative evidence consisting of statements made by Carlton. The court made findings as follows: (1) "That each and all of the allegations of the petitioner, Norman Carlton, are true"; (2) "That each and all of the allegations and denials set forth in the objections to the petition for approval of the assignments by the objectors Jean Wienk and Margaret J. Phelps, inconsistent with the Finding of Fact hereinabove are untrue." The first finding is merely that the assignments were made, since nothing more was alleged in the petition. The affidavits of appellants which constituted their objections stated facts which, if true, would have required the court to withhold approval of the assignments and refuse distribution thereunder for any more than the amounts received plus 25 per cent thereof, which appellants were willing to pay. Another necessary issue was whether the consideration was fair and the transaction just and equitable. These issues were not determined by the findings.

In the absence of sufficient findings, we cannot arrive at any just determination as to the merits of the appeal. (*Krug* v. *F. A. Lux Brewing Co.,* 129 Cal. 322 [61 P. 1125];

*Estate of Pendell,* 216 Cal. 384 [14 P.2d 506] ; *James* v. *Haley,* 212 Cal. 142 [297 P. 920] ; see, also, *Bridge* v. *Kedon,* 163 Cal. 493, 498 [126 P. 149, 43 L.R.A.N.S. 404].)

We have frequently had occasion to comment upon the increasing tendency on the part of some attorneys to regard the preparation of findings as a casual and unimportant incident of a completed trial. It is just the reverse. Great care should be taken to have findings on all the material issues. This much is essential. More than this is confusing and unnecessary. Although the trial judge has the primary duty in the matter of findings, he soon becomes engrossed in the trial of other cases and should be able to rely upon the prevailing party to prepare findings according to his directions. We realize that slight benefit is to be expected from our calling attention to the necessity for scrupulous care in the drafting of findings, for, as we have previously stated, while such admonitions come to the attention of those who read law, they do not reach the practitioners who are the cause of our concern.

Certain other points argued by appellants will be considered briefly. It is contended that the court may pass upon the validity of assignments such as these only upon the hearing of a petition for distribution, and that the judgment under consideration is for that reason void. Section 1020.1 gives the court authority on motion of any person interested in the estate, or its own motion, to inquire fully into the transaction and to refuse distribution thereunder for reasons which invalidate contracts generally, and to grant it only upon terms it deems just and equitable. Notice of the hearing must be given to the assignor and the assignee. ██ Clearly it is within the discretion of the court to conduct such hearings in advance as well as at the time of the hearing of a petition for distribution. ██ However, in the present case, the hearing was had prior to the filing of any account by the executor, although it was necessary for the court to know the value of the interests of appellants in the residuary estate in order to determine whether the sum they had received for their assignments was fair or grossly inadequate. We think that where interests have been assigned outright the court might properly refuse to conduct a hearing under section 1020.1 in advance of a hearing upon an account of the executor or administrator.

No question is raised as to the appealability of the order in question. Section 1240 of the Probate Code provides for an

appeal from a decree of distribution. It does not, in terms, provide an appeal from any order made in a proceeding under section 1020.1. For practical reasons we deem it inadvisable to raise the question of jurisdiction on our own motion, inasmuch as we are required to reverse the order.

Section 1020.1 does not require the court to make any findings or any order as to the effectiveness of an assignment otherwise than by an order for distribution. The section outlines a procedure to be employed for the convenience of the court preliminary to distribution but not for the trial of issues for which procedure for distribution is provided. It is clearly within the discretion of the court to at any time take evidence under section 1020.1 as to the validity of the disputed assignments. Its ruling thereon will be incorporated in an order for distribution. The code does not provide for a final decision of the issues at any other time or in any other manner. The decision as to the validity of the assignments would be reviewable on an appeal from the decree of distribution. (Prob. Code, § 1240.)

For reasons which will be apparent, we are indicating what we believe will be a proper course for the proceeding to take upon its being remanded to the trial court. In view of the conclusions we have stated and the directions which follow, it is unnecessary to consider other points urged by appellants.

The decree and order are reversed for a rehearing; provided, that if within 20 days after notice to respondent that our remittitur has been filed, he files his written consent to accept under the assignments in question the amounts he paid appellants therefor, plus 25 per cent of said amounts, they shall be deemed valid for such amounts when distribution is had, and provided, further, that if said consent is not filed further proceedings shall be had in accordance with the views herein expressed.

Wood (Parker), J., and Vallée, J., concurred.