[Civ. No. 15374. First Dist., Div. Two. May 15, 1953.]

LESLIE TRIGGS, Appellant, v. ANTHONY ZICOVICH
et al., Respondents.

John R. Kahle and Maurice L. Martin for Appellant.

Edward M. Fellows and Emery J. Delmas for Respondents.

GOODELL, J.—In this action a nonsuit was granted and this appeal was taken from the judgment entered thereon. The record, made up under rule 7(a), consists of the judgment roll and a settled narrative statement.

Plaintiff alleged that on October 21, 1949, defendant hired from him a 1946 Chevrolet dump truck for 38 weeks, and promised to pay a reasonable rental; that $2.54 per hour, or a total of $3,860, was such rental; that it become due on July 17, 1950, and was unpaid. The prayer was for $4,353.55 which includes $492.75 for alleged damage to the truck. (The rental was apparently calculated on a 40-hour week.)

The answer denied all these allegations, and set up a counterclaim for $370.

Plaintiff testified that he owned the truck and had paid for it with his own funds. Defendant, called under section 2055, testified: "that on or about the 21st day of October, 1949, . . . he acquired possession of the truck . . . from the plaintiff;

that he had used said truck at various times between that date and the 17th day of July, 1950; that plaintiff removed said truck from his premises thereafter and with his consent on or about the 17th day of July, 1950.''

When it appeared from plaintiff's own testimony that the pink slip for the truck stood in the name of Marie Barrett (who at the time of trial had become his wife) defendant moved for a dismissal on the ground ''that plaintiff was not a proper party to maintain the action,'' which motion was denied as premature. Plaintiff then moved to amend so as to add Marie Triggs as a party plaintiff, which motion was denied.

At the close of plaintiff's case defendant's motion for nonsuit was granted on the ground previously urged, i.e., that plaintiff could not maintain the action because he was not the registered owner of the truck. It was granted despite the testimony of Mrs. Triggs—which on such motion had to be taken as true—''that said truck had been purchased by plaintiff with his own funds prior to their marriage, and, that the ownership certificate (pink slip) had been taken in her name at that time, with her knowledge and consent. She further testified that she had and claimed no interest whatever in said truck, now or at any time; that said truck had at all times been in the possession and control of plaintiff and was owned by him.''

The broad question presented for decision is whether a bailee, when sued for the rental of a chattel, can challenge the title of the bailor from whom he hires it. ██ ''The general rule is that in an action by the bailor the bailee will not be allowed to set up title in a third party'' (*Hayden* v. *Davis*, 9 Cal. 573, 574). (*Brown* v. *Roland*, 40 Cal.App.2d Supp. 825, 827 [104 P.2d 138], follows the Hayden case. See, also, 4 Cal.Jur. p. 13.) ██ The Hayden case recognized (and enforced) the exception to the rule, where a third party asserted title to the property while it was in the bailee's possession. At page 575, however, the court, quoting from *King* v. *Richards*, 6 Whart. (Pa.) 418, 427 [37 Am.Dec. 420]) says that ''Where the real owner of the property does not appear to assert his right to it, . . . the . . . bailee should not be permitted, of his own mere motion, to set up [as] a defense against the bailor, such right for him.'' *Palmtag* v. *Doutrick*, 59 Cal. 154, 165-166 [43 Am.Rep. 245], restates the same rule.

██ The instant case is not within the exception, since here no claim of title was asserted by any third person. This

bailee, in other words, does not find himself caught between two adverse claims of title. Nor does he find himself faced with the possibility of a new action being brought by the holder of the pink slip since she testified that the possession, control and ownership of the truck had always been in the plaintiff, which of course forecloses her, as far as this transaction and these parties are concerned, from asserting ownership in herself.

Defendant admits that at the time of the bailment the truck was in the possession of the plaintiff and there is, of course, a disputable presumption of ownership of property arising "from exercising acts of ownership over it, or from common reputation of his ownership." (Code Civ. Proc., § 1963, subd. 12.) Under the nonsuit rule plaintiff has the benefit of that presumption. It was not dispelled by the showing that registered ownership stood in the name of his wife, since her testimony (which on a nonsuit must be taken as true) shows that he is the real and beneficial owner. Moreover defendant's own testimony shows that he obtained possession from the hands of the plaintiff (and from nobody else), that he had the use of the truck for about nine months, and that it was repossessed by plaintiff (and by nobody else).

The only parties to this contract of hiring were the plaintiff and the defendant, hence they alone would be the only parties who could sue thereon (6 Cal.Jur. p. 468).

Moreover, if defendant had refused to redeliver the truck and plaintiff had sued for its conversion or to replevin it he would not have had to prove title or anything beyond the right of possession (*Moody* v. *Goodwin*, 53 Cal.App. 693 [200 P. 733]).

The ownership certificate is not conclusive of the question of title (*Henry* v. *General Forming, Ltd.*, 33 Cal.2d 223 [200 P.2d 785], following *Parke* v. *Franciscus*, 194 Cal. 284 [228 P. 435]; see, also, *Willard H. George, Ltd.* v. *Barnett*, 65 Cal.App.2d Supp. 828 [150 P.2d 591], cited approvingly in the Henry case).

Plaintiff's wife testified that the truck was bought and paid for "with his own funds prior to their marriage." If he borrowed the money wherewith to buy the truck, that fact is of no concern to this respondent and does not make the truck any the less his property. We find no merit in respondent's contentions respecting the financial antecedents of this immediate transaction.

 Nor is there any basis for defendant's apprehension that plaintiff's wife might file another action on the theory that she was a third party beneficiary of the rental contract. In the first place we fail to see how she was such beneficiary and, secondly, it already appears that she would be precluded from maintaining such action by her testimony in this case.

The judgment is reversed and the cause remanded for a new trial.

Nourse, P. J., and Dooling, J., concurred.