[Civ. No. 23119.    Second Dist., Div. One.    Mar. 18, 1959.]

ROBERT MAULHARDT et al., Respondents, v. CALIFOR-
NIA DIRECTOR OF PUBLIC WORKS et al., Defend-
ants; PHOENIX ASSURANCE COMPANY OF NEW
YORK (a Corporation), Appellant.

Dally, Saulque & McGovern and Richard E. Saulque for Appellant.

Neil D. Heily and Ralph E. McCarthy for Respondents.

WHITE, P. J.—Phoenix Assurance Company of New York, as defendant, appeals from the portions of a judgment against it for "the sum of $11,791.87 together with interest thereon at the rate of seven percent per annum from the 15th day of February, 1956, and together with the sum of $2,000.00 attorney's fees and cost of suit herein . . ."; and, as plaintiff in intervention, said Phoenix Assurance Company, appeals from the remainder of the judgment, which provides that plaintiffs "recover from the defendant Frank B. Durkee, Director of the Department of Public Works, . . . the sum of $11,791.87 together with interest thereon . . . (as above) and plaintiffs' cost of suit herein fixed at the sum of $216.02 . . . that the defendant Frank B. Durkee, . . . is hereby instructed to pay out of funds now in his hands and withheld in this action pursuant to the stop notice of the plaintiffs heretofore filed with him the sum of $50.00 as and for the attorney's fees for his attorney and the sum of $_____as and for his costs of suit incurred herein and the balance remaining out of the total of $14,739.84 so withheld by him he shall pay to the plaintiffs in partial satisfaction of the judgment hereby rendered against the defendant Phoenix Assurance Company and in full satisfaction of the judgment hereby rendered against said Frank B.

Durkee . . . and that the Phoenix Assurance Company take nothing by its complaint in intervention."

The Director of Public Works and the other defendants, who were the contractors on a road construction job near Julian, have not appealed.

The first cause of action is for the recovery of certain sums being held by the California Director of Public Works pursuant to a verified stop notice and notice to withhold filed by the plaintiffs. In that cause of action Phoenix intervened.

The second cause of action is for the recovery of equipment rental, repairs and attorneys fees as provided by Phoenix' bond.

The third cause of action alleged an account stated, which was found by the court not to have been proved and with which this appeal is not concerned.

An epitome of the facts which appear without conflict from the evidence follows.

Prior to April 18, 1955, the State of California, through its Department of Public Works, entered into a contract with defendant Ray Reed Company and Conrad Construction Company, a joint venture, for the grading and surfacing of three miles of state highway near Julian.

April 18, 1955, defendant Phoenix Assurance Company of New York executed, as surety, its labor and material bond in the penal sum of $116,043.56, and its faithful performance bond in the same amount, relative to such work with said joint venture as principal. Said bond was executed, delivered, approved and filed in accordance with the provisions of sections 4200 through 4208 of the Government Code of the State of California.

The labor and materials bond is in evidence and is expressly conditioned upon the failure of the joint venture to pay "for any materials, provisions, provender or other supplies or teams, implements or machinery used in, upon, for or about the performance of the work contracted to be done, or for any work or labor thereon of any kind," up to the full penalty but not exceeding such amount. Said bond further provided that if suit were brought upon the bond the surety would pay a reasonable attorney's fee to be fixed by the court.

May 1, 1955, said joint venture commenced work constructing the road. It was part of the joint venture agreement of Ray Reed Company and Conrad Construction Company that each would furnish certain equipment for use on the said job and that each would be paid a fair rental for the equipment so

furnished. Conrad Construction Company furnished to the joint venture certain equipment, including the D8 Caterpillar Tractor, International TD 24 Tractor, and D12 Motor Grader involved in this action. All of said equipment was used on said job from June, 1955 (or before) until February 15, 1956.

In August, it appeared that the joint venture lacked money and would not be able to complete the contract without help. Appellant Phoenix, through its Attorney Dally, set up special funds and special accounting procedures, took from the joint venture its assignment dated August 24, 1955, of "all of their right, title and interest in and to any and all payments due or to become due" in connection with the contract for such highway construction, and left the joint venture to continue the work under the contract.

Prior to that time Conrad, individually and with another individual not a party to the action, purchased the equipment involved in the instant action subject to chattel mortgage and conditional sales contracts executed in 1953 and 1954, showing unpaid balances of the purchase prices totaling over $35,000. Plaintiffs were the original owners of said chattel mortgage and conditional sales contracts. They assigned them to the Bank of America with recourse. Conrad failed to make the payments required by said chattel mortgage and conditional sales agreements. There were personal and telephone conversations between the various parties to the action. The bank demanded payment. Conrad said he could not pay. Conrad asked Phoenix to pay the amounts due the bank and was told that its bond did not cover payments on the purchase price of equipment. The bank demanded that plaintiffs pay to them the balance of Conrad's obligations theretofore assigned to the bank with recourse, and, by its letter dated August 26, 1955, authorized plaintiffs to repossess the equipment. At the bottom of the bank's said letter, L. B. Conrad, under date of August 27, 1955, signed an acknowledgment that said equipment was repossessed on the 26th day of August, 1955 "and that they now have possession of same under rental agreement."

September 16, 1955, Maulhardt Leasing Company by letter advised Attorney Dally, who was then acting as the representative of Phoenix in connection with the completion of the highway construction contract here involved, as follows: "In my office on the eighth of September, Mr. Reed and Mr. Conrad both agreed to rent the following of the equipment that has been repossessed by the bank from Mr. Conrad." In that letter it was stated that the rates "monthly for the month of

September'' are: for the TD24 International Tractor $1,250; for the D8 Tractor $1,000; and for the Model 12 Motor Grader $400 to $600. The letter was received in the office of Dally and Salque September 19, 1955. According to testimony of Reed, Conrad and Maulhardt, the rental for the Model 12 Motor Grader was finally set at $500.

October 13, 1955, is the date of the check signed by Henry E. Dally as ''Trustee for Reed-Conrad Joint Venture on Julian Road Job,'' payable to Maulhardt Leasing Company and Bank of America, Oxnard Branch for $2,000, bearing a notation in the lower lefthand corner ''Payment on Equipment of L. B. Conrad,'' and endorsed by both payees October 17, 1955. Said check was mailed to Maulhardt Equipment Company in a letter signed by Mr. Dally, stating that it is a payment ''made on behalf of L. B. Conrad for amounts due to the copayees'' and requesting ''a complete description of the property that is being purchased by Mr. L. B. Conrad.''

Phoenix' Exhibit C is a chattel mortgage to it executed under date of October 25, 1955, by Conrad Construction Company and L. B. Conrad, to secure payment of a promissory note for $10,000, payable on demand. The note was executed by Conrad Construction Company and Ray Reed Company and by both L. B. Conrad and Ray Reed, as individuals. The chattel mortgage covered all the equipment for the rental of which this action was prosecuted by Maulhardt.

October 26, 1955, L. B. Conrad, on the letterhead of Conrad Construction Company, wrote Maulhardt Equipment Company, in compliance with their recent telephone conversation and in an effort to clarify the status of said equipment, that said equipment ''is in the custody of, and is currently being used by L. B. Conrad, and is at present leased to the Ray Reed Co. and Conrad Construction Co., a joint venture, on a bare rental agreement.

''The above named joint venture is operating a highway job at Julian, California, for the California Division of Highways, . . . where the equipment is presently located.

''You are authorized to make claim against the Joint Venture referred to above for any equipment rental money accruing to the benefit of L. B. Conrad and the Conrad Construction Co., and the said Joint Venture is authorized to pay such rental money to the Maulhardt Equipment Co. as soon as the same becomes available. Any money so paid to the Maulhardt Equipment Co., shall be credited to the account of L. B. Conrad and the Conrad Construction Co. and is for the pur-

pose of liquidating past due accounts under our existing leasing agreement.''

Said letter of October 26th indicates that a copy was sent to Attorney Dally.

Under date of November 4, 1955, L. B. Conrad signed a request addressed to Phoenix, approved by Ray Reed, that ''any payments now due or to become due for any equipment or personal property loans or conditional sales contracts with Bank of America, Oxnard Branch and/or Maulhardt Equipment Co. and/or Maulhardt Leasing Co.'' be made out of the joint venture funds or progress payments ''or from such funds as you may advance for the operation of the Julian Road Job, and expressly approved ''the payment of $2,000 you have made to Maulhardt Leasing Co. and Bank of America, Oxnard Branch.'' Said request of November 4th is a handwritten document, apparently in the writing of neither of the signers, Conrad and Reed.

November 20, 1955, is the date of Phoenix' Exhibit D, which is another mortgage, by the same mortgagors to the same mortgagee and of the same equipment, to secure payment of a demand note for $54,731.87, executed in the same manner as the $10,000 note.

Under date of November 28, 1955, Maulhardt rendered a statement showing balance due from Reed-Conrad for parts and repairs to the rented equipment.

January 3, 1956, is the date of the check for $2,000 payable to Maulhardt Leasing Company and Bank of America, Oxnard Branch, signed by Thomas W. McNally and Henry E. Dally, bearing a notation in the lower lefthand corner ''Julian Road Job Special Account,'' and endorsed by said payees January 6, 1956. Mr. Dally's letter dated January 5, 1956, transmitted said check to Maulhardt Equipment Co., and stated that ''This payment is made on behalf of L. B. Conrad for amounts due to the co-payees.''

January 10, 1956, John Maulhardt, as manager of Maulhardt Equipment Company, wrote Mr. Dally regarding the Reed-Conrad joint venture, thanking him for a $2,000 check ''payable to Maulhardt Leasing Company and Bank of America, Oxnard Branch,'' stating that he would like future checks made to the Leasing Company only, mentioning their telephone conversations stating that ''to date'' only $4,000 had been received to apply on the ''rental agreement with Reed and Conrad,'' that the rental from September 1, 1955, to January 1, 1956, was $11,000, leaving a balance due of $7,000, and re-

questing a written verification of the above sums due and payable to Maulhardt Leasing Company.

March 1, 1956, Maulhardt Equipment Company mailed a letter and statement to Mr. Dally showing $11,125 balance owing to it from Reed-Conrad joint venture for rentals from September through February 15th, when the equipment was returned to Maulhardt, and again asking that the money be paid to "Maulhardt Leasing Company only."

May 8, 1956, stop notice showing balance due to plaintiffs of $11,791.87 for rentals and repairs of said equipment, was served upon the Department of Public Works.

Appellant urges that the judgment should be reversed because "the findings do not support the judgment." In its opening brief, appellant quotes Finding X, "That all allegations of the pleadings on file herein consistent with the foregoing are found to be true and all allegations inconsistent with the foregoing are found to be not true." In this respect, appellant cites and relies upon decisions wherein findings similar to the one above quoted were discussed. (*Andrews* v. *Cunningham*, 105 Cal.2d 525 [233 P.2d 563]; *Krug* v. *F. A. Lux Brewing Co.*, 129 Cal. 322 [61 P. 1125]; *Kling* v. *Gustason*, 101 Cal.App. 58 [281 P. 407]; *Estate of Ramsey*, 107 Cal.App.2d 372 [237 P.2d 20]; *McKannay* v. *McKannay*, 68 Cal.App. 709 [230 P. 218]; *Hall* v. *Mitchell*, 59 Cal.App. 743 [211 P. 853]; and *Holt Mfg. Co.* v. *Collins*, 154 Cal. 265 [97 P. 516].)

The cases last above cited, however, hold in effect that such an omnibus finding is ineffective for any purpose. It must be entirely disregarded and, if the other findings are sufficient to support the judgment, it should be affirmed. (*Hall* v. *Mitchell, supra,* p. 747.)

If the findings on one count are sufficient, faulty findings on the unsupported count may be disregarded. (*Petersen* v. *Lang*, 144 Cal.App.2d 466, 472 [301 P.2d 397]; *Baird* v. *Ocequeda*, 8 Cal.2d 700, 703 [67 P.2d 1055]; *Crogan* v. *Metz*, 47 Cal.2d 398, 403 [303 P.2d 1029].)

If, in the instant action, other findings are sufficient in themselves, the addition of the uncertain catchall finding above quoted lends no support to appellant's position. (*Mercurio* v. *Department of Alcoholic Beverage Control*, 144 Cal. App.2d 626, 635, 636 [301 P.2d 474]; *Cirlincione* v. *Cirlincione*, 104 Cal.App.2d 35, 40 [230 P.2d 642]; and *Roloff* v. *Hundeby*, 105 Cal.App. 645, 650 [288 P. 702].)

A failure of the court to make a finding on any mate-

rial issue pleaded by either party may entitle an appellant to a reversal of the judgment. (*Fairchild* v. *Raines,* 24 Cal.2d 818, 830 [151 P.2d 260] ; *Saracco Tank & Welding Co.* v. *Platz,* 65 Cal.App.2d 306, 320 [150 P.2d 918] ; *Taylor* v. *Taylor,* 192 Cal. 71, 80, 81 [218 P. 756, 51 A.L.R. 1074].) In order to justify such reversal, however, the issue upon which no finding was made must be one necessary to the decision, and one upon which, from the evidence before the court, a finding favorable to appellant could have been made. (*Krum* v. *Malloy,* 22 Cal. 2d 132, 136 [137 P.2d 18].)

With these rules in mind, we have examined the findings in the instant action, which include the following.

Conrad was, at all times mentioned in the complaint, the duly authorized representative of and agent for the Reed-Conrad joint venture. The State of California, before September 1, 1955, entered into the contract with said joint venture. Plaintiffs have not been paid the amount due them, and there is now "a balance due and owing on such rental agreement and repair work of $11,791.87, which amount the said defendants, and each of them, have wholly failed and refused to pay to the plaintiffs. Plaintiffs duly filed with the Director of Public Works notice to withhold said sum.

Prior to August 26, 1955, Conrad Construction Company had possession of the equipment involved in this action; said equipment was subject to chattel mortgage and/or conditional sales contracts which had been entered into with plaintiffs and by plaintiffs assigned to the Bank of America; payments were on said 26th day of August, 1955, several months in default, entitling the holder of said mortgage and contracts to repossess said equipment; on said date the Bank of America "authorized the plaintiffs to repossess said equipment"; plaintiffs did repossess it on the highway job at Julian and "at the same time and place and immediately thereafter" entered into an agreement leasing the said equipment to the Reed-Conrad joint venture.

Thereafter and pursuant to said leasing agreement there became due to plaintiffs $15,125 for rental of said equipment up to February 15, 1956, and $666.87 for repairs thereto; any rights of Conrad under said chattel mortgage and/or conditional sales contracts prior to August 26, 1955, were waived by Conrad's expressly consenting to the plaintiffs' constructive repossession and the entering into the new leasing agreement as the agent of the joint venture.

The $4,000 paid by Phoenix to the plaintiffs "was paid to

and accepted by the plaintiffs as rental on said equipment and was by the plaintiffs paid to said Bank of America and applied by the bank on the obligations of plaintiffs to the bank; said joint venture by consenting to the constructive repossession and making the leasing agreement with plaintiffs waived any right it might have had to assert that the $4,000 was to be applied upon the past due payments on Conrad's chattel mortgage and/or conditional sales agreements.

The defendant Phoenix did not prove that it had paid out more than its obligation under its labor and materials bond; its two bonds aggregated $232,087.12; it paid out moneys totaling $226,770.87 "without in any way apportioning the same on its own books as between the two bonds, such contributions going toward the completion of the work of said job"; defendant Director of Public Works holds on plaintiffs' stop order $14,739.84 due from the state to the joint venture under the terms of their contract; defendant Phoenix has an assignment of those funds from said joint venture "which assignment cannot operate to impair the plaintiffs' right to the funds."

Defendant joint venture and L. B. Conrad have failed to pay for the rental and repairs; demand has been made therefor from said defendant joint venture and from said defendant Phoenix; said debt has not been paid and there is now due from said defendants to the plaintiffs $11,791.97, together with interest thereon from February 15, 1956.

Plaintiffs have been required to engage an attorney to commence and prosecute this action upon the bond of defendant Phoenix and a reasonable fee should be allowed to plaintiffs for such services; a reasonable fee to be allowed to the attorney for the plaintiffs is $2,000; and plaintiffs have failed to prove an account stated between themselves and the defendant Phoenix.

The findings hereinbefore epitomized are followed by Finding numbered X, heretofore quoted as a portion of appellant's specification of reversible error. We consider the findings in the instant action sufficient to render any uncertainty arising from the omnibus finding entirely immaterial.

█ Appellant urges that the court's failure to find that the obligation of its bond was such as to include payment by it of repairs is the failure to find upon a material issue which requires reversal of the judgment against it. There is a finding that $666.87 is due from appellant to respondents for repairs, and the judgment includes $666.87 for repairs. The condition of appellant's bond is hereinbefore quoted. The rentals and repairs included in the judgment, under the facts found, were

a part of the necessary cost of providing implements and machinery used in the performance of the contract for road construction, which contract is referred to in said bond. (*Sherman* v. *American Surety Co.*, 178 Cal. 286, 289 [173 P. 161].) We are convinced that appellant was not misled, or in any other manner prejudiced, by any failure to find in this respect.

██ Appellant complains that Finding Number III is insufficient in that, from its language, that "immediately" after plaintiffs repossessed said equipment on August 26, 1955, a leasing agreement was entered into by the plaintiffs with the defendant joint venture, it is uncertain whether the court found that said leasing contract was made on August 26th or on September 1st. There is evidence as to such an agreement on each of those dates, and the material fact in issue was the making of the agreement, not necessarily the exact time thereof, since, according to all the evidence the rental was to start on September 1, 1955.

██ Appellant's further specification of insufficiency of said Finding Number III is that it is uncertain as to who was the holder of the chattel mortgage and conditional sales agreements at the time of the repossession of the equipment. The finding is that Conrad was in default, that the holder of the instruments was entitled to repossess the equipment, that the bank authorized plaintiffs to so repossess the equipment and that plaintiffs did repossess it on August 26th. The evidence is that the equipment had been in the possession of Conrad, one of the joint venturers, who was furnishing it to the joint venture for use on said Julian road construction, and that Conrad was in default; that originally plaintiffs were the owners of said chattel mortgage and conditional sales contracts; that plaintiffs had assigned said papers "with recourse" to the Bank of America and that the bank, in the event of Conrad's default, had the right to and did look to plaintiffs for payment in full of the unpaid balances thereof.

Appellant, in its opening brief, states that "Uncertainty of the finding of fact in this regard is prejudicial to the appellant because one of its defenses to the action, both as defendant and plaintiff in intervention, was based on the theory and ultimate fact that the plaintiffs never had any right, title, interest or possession in and to the equipment for which they claimed rent."

The court found that the joint venture did on or about August 26th agree to pay a rental to plaintiffs for the use of said equipment from and after September first. The appel-

lant Phoenix, as surety, stands in the place of the joint venture bailee, and Phoenix may not question the title of the bailor of the joint venture. In the instant action, as in *Triggs* v. *Zicovich,* 117 Cal.App.2d 768, 771 [257 P.2d 60], which was an action to recover truck rentals, the bailee, having taken possession of said property pursuant to a rental agreement, neither such bailee, or his surety (except under certain additional circumstances not here present), is concerned with the bailor's title or lack of title.

Appellant further contends that the findings are insufficient in that it cannot be ascertained therefrom what if any balance of its labor and materials bond remained in its hands. Under the findings, however, it appears that appellant's accounts showed that expenditures had been made and recorded against its two bonds (one for labor and materials and the other for faithful performance of the same job) without segregation; that there remained not only over $5,000 in its own hands, but also the $14,739.84 held by the Director of Public Works pursuant to plaintiffs' stop order. Manifestly, said funds will more than cover the amount of the judgment in this action.

The reasoning upon which appellant bases its argument that the $2,000 attorney's fee awarded by the court is excessive is that there is no finding that any certain portion of the bond under the terms of which said attorneys' fee was granted remained unexpended, and consequently only such portion not so expended could be collected, which unexpended portion (appellant states) might not exceed $100, for the collection of which the fee of $2,000 awarded would be exorbitant and an abuse of discretion. Since, according to the findings, it seems clear that the surety is still obligated in an amount ample for the payment of the judgment, we need not be concerned with the court's failure to so find in exactly the words sought by appellant.

Appellant urges that the trial court committed prejudicial error in admitting parol evidence to vary the terms of a written instrument. This claim is made with respect to the rental agreement, which, without conflict in the evidence, was shown to be an oral agreement fully performed by plaintiffs, and which was partially reduced to writing signed by Conrad only. As observed by the court during the trial, the terms of the first two paragraphs of said writing appeared to refer to an obligation of the joint venture, while the third paragraph cast some doubt upon that interpretation and made it seem

possible that Conrad's intention was to obligate himself alone. The testimony in the record from which it appears that it was the joint venture which needed the equipment and used the equipment during the time for which the instant action seeks to recover rentals is without conflict. Testimony that Conrad was acting as the agent of the joint venture when he agreed to pay the rentals in order to retain possession of the equipment in the joint venture was heard over appellant's objection and is now cited as prejudicial error requiring the reversal of the judgment.

It has been held repeatedly, that it is not a violation of the parol evidence rule to prove by extrinsic evidence the identity of the parties to an agreement, or, as said in *Escondido Oil etc. Co.* v. *Glaser*, 144 Cal. 494, 499 [77 P. 1040], quoting from *Southern Pacific Co.* v. *Von Schmidt Dredge Co.*, 118 Cal. 368, 371 [50 P. 650], "parol evidence is competent to show whom the parties intended should be bound or benefited."

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.